Here is the final case to be argued, United States v. Jonathan Moore. Good morning. May it please the Court. Yan-Chuan Li, Federal Defenders of New York for Appellant Jonathan Moore. I asked very little from Your Honors here today, merely for the district judge to take a second look at Mr. Moore's motion while under correct understanding of the facts about his prison record, and while aware of what the guidelines would be if he were before her today. That's it. We're not asking for resentencing, rehearing. It would be done in the papers. But, I mean, so you're saying that Judge Prescott erred? Yes. Okay. I mean, but the statute allows Judge Prescott to decide whether or not to reduce the sentence at all, right? Absolutely. So the error is what? The error is twofold. So there's a factual error about his prison record, this idea that he recently — right? — he recently possessed a dangerous weapon. So that's the first error. And then the second error is this idea that he's a career offender, which is sort of two components, both the label of him as this career offender, and also, of course, the effect on the guideline range. Because of these errors, there are sort of these mutually reinforcing errors that created in the judge's impression — in the judge's head. So if the judge had just said, I'm not changing it. I've decided I have — I see no reason to change this and didn't say anything more, that would be fine? No, no. That would be error, Your Honor. This Court, in I think it's called Christie, in the 3582C2 case, said that, you know, where the judge has — you know, we don't doubt that the judge, you know, has the discretion to reduce a sentence here, so he's eligible. Where the judge has discretion, the review on a — you know, the standard of review on appeal is abuse of discretion. And what Christie said, Christie was a case in which the judge denied a reduction without basically saying anything. And this Court said, no, you've got to say something. You've got to give reasons. And — and, you know, this Court can't review without the district judge saying something about it. So if the judge just said denied, that would be — would require reversal. Could I ask you, and it's kind of a two-fold question, about the preservation of the claim here? Because I think you have some difficulties, given the fact that the defense below, in its filing to Judge Preska, actually asserted that he was a career offender. Yes, Your Honor. So I have a couple problems. And you tell me why, if it's — why is it not waiver as an invited error? If you say to a judge, hey, judge, here's my guideline range, and the judge says, okay, I'll take your guideline range, and now let me make my decision, why is that not an invited error, and therefore, waiver, just outright waiver. Or let's alternatively say that we're more charitable, and we say it's under plain error. And let me just focus on the second prong, which is the obviousness of — again, let's assume it is an error for the sake of argument. We have never held — in fact, I don't think we've actually had any opinions of any sort from this circuit whatsoever about the FIRST STEP Act. So in the absence of any law at all, how on earth can we say that the error here was plain or obvious in the sense that the district court, again, viewing the light of the current law now before the Court, is something the district court would have been derelict in doing? Well, Your Honor, so if I can answer the second question first. An error can be plain even if there's not precedent. I mean, it could just be plainly erroneous, plain based on the language of the law or plain based on principle. And we submit that even though there is no — there is no decision from this Court at all, I think, on the FIRST STEP Act, that it is plainly erroneous if you look at the language of the — the statutory language about what a district judge is allowed to consider in reducing a sentence. So it's plain that way. Breyer. Let me back up there, then, and I'll look beyond this circuit. Isn't it true that — I don't think it's true from other circuits that have looked at this, which presumably are a reflection of how clear as mud this statute is. Do the other circuits all think it is absolutely pellucid that a district court is obliged to recalculate someone's guideline range? Well, the — Is it obvious to them? Let me ask you that. It's — I would say that the issue that we're pressing here has not been addressed by those courts. Those cases — So let me just back up, then, and ask you if it's not even been addressed by another circuit court. Yes, absolutely. Assuming it's error, how obvious is that? Well, we're — our argument, Your Honor, is not an easy one, but it's nonetheless one that says that the language of the statute and the principles about sentencing — and also, I would ask the Court, this would go into the waiver question as well. You know, to take a step back, you know, the First Step Act is — is motivated by compassion, a sense of fairness. It was — it's an act of grace. And that's the — the spirit in which it should be looked at. We're in the land of equity here, Your Honor. The — the statute — I'm arguing that the district court has the ability to go below 151 months. That's below the stipulated range. I don't know if it's stipulated. Below the range that both sides agree to. Yes, sir. That's not only my position. That's the government's position, which is why their argument that somehow there's a — there's a limit in the — in the sort of subject matter that the district judge is allowed to consider doesn't really make any sense. The government's arguing that the district court had the ability to go below 151 months. Oh, I — well, I'll let — I'll let, you know, my friend answer that herself. But — Your position is the district court has the ability to go below the bottom of the range? Absolutely, Your Honor. The only thing that binds the district court, the plain language that the 404b states, the only thing that binds the district court is the statutory minimums, but now as determined by the higher drug thresholds. Well, you start off by saying you're not asking for a resentencing. Aren't you asking for a resentencing? Well, Your Honor, resentencing — no. No, Your Honor, for several reasons. We're not asking for the defendant's presence. We're not — we're also not saying that, you know, that the currently calculated range is the only range that the Court consider on pains of reversal or that's somehow presumptively reasonable. All we're saying is that, you know, when a district judge makes this equitable decision about whether to reduce a prisoner's sentence, it should be aware of all relevant information. And part of the universe of relevant information is what this — someone just like this defendant, what — what range this defendant would have if he were to appear before me today as, you know, a regular defendant instead of as a 3580 or as a 404b defendant. The Townsend issue, everyone just missed it. Apparently so, Your Honor. Everyone just missed it. Apparently so. Can I just ask you, though? I'm still not sure of the distinction you're trying to make about whether the district court, in your view, was obliged or not obliged to consider, let's call it the amended guideline range, if one were to consider Townsend, because on the one hand, I think you're suggesting that there's no obligation on the part of the district court to recalculate the guideline range, right? But on the other hand, it seems to me like you're just quoting effectively the language of 3553a, which says the district court shall consider, and then there's a list of things, and one of them is the properly calculated guideline range. So I'm trying to see if there's any daylight between the position you're arguing and effectively a position that a district court has to engage in a plenary resentencing where they just go through 3553a again. What is the difference between your position? Because the word consider is not a softener, in my view, to say, oh, well, that's a little different from a sentencing, because here you only have to consider it. I understand. That's all the district court has to do at sentencing, because after Booker, they're not binding. So what is the daylight between what you're suggesting ought to happen before a district court, and what's a plenary resentencing? Again, I think the other procedural elements of a resentencing, the presence of the defendant, you know, it's the daylight. What else? Give me one other thing that's different. You know, counsel would have to be appointed, right? Now, we're not saying in this case counsel is appointed in this case. We're not saying that. Okay. Give me two different things. You know, I'm not sure whether the review would be the same, Your Honor, whether an appellate review of a sentence would be exactly the same. You know, this idea of substance of reasonableness would be exactly the same. It's not in this case, so I can't say it. But I would also get, again, deferred to, you know, when you pose this question to my friend, she's going to say the same thing, that the judge is required to consider the 3553a factors, and that's all we're saying, and that that wasn't done here, both out of inadvertence on our part, you know, as well as just a factual error by the district judge. And again, to the waiver point, Your Honor, you know, even if it's a waiver instead of a forfeiture under 452b, this Court has always taken a nuanced look at these kind of things, about the nature of error alleged, about the reasons for the mistake, right? This is obviously not sandbagging. I mean, there's no reason for us to have made this mistake. We just we screwed up. And also, the cost of the remedy is a big part of the decision in this Court. Like, whether is it are you remanding for a new trial is a big deal, right? Or whether you're just remanding for a resentencing, this Court has always taken that into account. And again, here we're asking for something even less than that, that even if there's not a huge amount of daylight, we're not asking for, like, appearances before the judge. This could all be done in the papers. Thank you. Thank you. We'll hear from the government. May it please the Court. My name is Anna Scottco. I represent the government on appeal, and I also represented the government below, both before Judge Preska and Judge Robinson. This Court should affirm Judge Preska's decision for three reasons. First of all, any factual error was harmless in light of the overwhelming evidence that supported Judge Preska and Judge Robinson's findings that this particular defendant had a relatively unbroken string of criminal offenses, both while he was out of jail and also during his period of incarceration. Second, any argument about legal error was waived, but even if it wasn't, there was no legal error in calculating the guidelines range, and I'll get to that in a minute. And third, any purported error was not clear or obvious. So starting with my last point, that any purported error was not clear or obvious, as Judge Capone wrote in an opinion that was issued around the same time as Judge Preska's decision, what the Court may appropriately consider in deciding whether to impose a reduced sentence is an open question that courts have decided differently. And that was in the Rose case that was cited in our brief. The circuit courts that have considered whether a defendant gets the benefit of intervening changes in the law other than the Fair Sentencing Act have answered that question in the negative. That includes the Fifth Circuit's decision in Hedgewood or Hegwood, and the Sixth Circuit, Fourth Circuit, and Eleventh Circuit in unpublished decisions. Now, with respect to your question, Judge Chinn, as to whether the district court judge could sentence below the bottom of the new guidelines range, the government would say that in most cases, a sentence within the new guidelines range is appropriate and is what is warranted. However, the Court can consider 3553a factors, including post-sentencing conduct of the defendant in determining whether a variance is warranted. Breyer. So your view is that Section 1B1.10 of the guidelines doesn't apply here? But that's the one that basically related primarily to the Fair Sentencing Act and said that when you are resentencing somebody, you don't go below the new guidelines range? That is generally appropriate. But we also believe that in taking into account the 3553a factors, that a judge can exercise his or her discretion in determining that a sentence below that range is appropriate. Okay. But that wasn't true. With respect to the First Step Act, right? I'm sorry? That wasn't true with respect to the First Step Act. You couldn't go below that range. Fair Sentencing Act. Fair Sentencing Act. I'm sorry. Fair Sentencing Act. Fair Sentencing Act, you couldn't go below that range, right? I don't know the answer to that question. I'm sorry, Your Honor. That's not really this case, but I was curious. Go ahead. Yes. So the hook there as to why I'm saying that the 3553a factors apply is because the First Step Act authorizes the court to impose a reduced sentence as if Sections 2 or 3 of the FSA were in effect of the Fair Sentencing Act, were in effect at the time the covered offense was committed. It also, then, gives the district court discretion in determining whether or not to actually reduce the defendant's sentence. 3553a provides the familiar framework to guide the exercise of discretion confirmed by the First Step Act. However, courts should not recalculate the guidelines with intervening law in mind, other than what's authorized by the Fair Sentencing Act. To do so otherwise would create disparate results for defendants that were  In other words, it would only be, Townsend would only be retroactive for those defendants who get the benefit of a remedial statute that has nothing to do with their career offender status. Can I ask you what? It's difficult for me to reconcile the arguments that you can consider new facts, but you can't consider new law. If you're applying 3553a, right, and you're considering all of them, why are some of those considerations viewed in the present and some of those considerations viewed in the past? I think what we're saying is the guidelines are calculated at the time of the original sentencing. Right. No, I get that. I'm asking why that is. Why aren't you not, then, logically, consistently also freezing in amber the facts that they existed? If you're basically saying the First Step Act is a time machine, you're going back in time to the original sentencing and the only thing you're fixing is the statutory, mandatory, you know, maximum, minimum, why aren't you do — and you're saying you basically have to do that for the guidelines. They're frozen. Why is it that the facts aren't frozen? And once you concede that the facts aren't frozen, why does that logic not also apply to the guidelines, especially when we're not talking about an alteration of the guidelines, we're just talking about case law that has, so to speak, corrected aversion in the interpretation of the guidelines? Yes. So this is case law that reinterprets. But at the time that the sentence was imposed in 2009, that was a lawful sentence. Townsend had not been decided. And likewise, to ask a district court at this point to go back and revisit enhancements or any changes to enhancements or reductions for mitigating circumstances or role would be essentially a plenary resentencing. Whereas to consider just the intervening facts that have changed, such as the defendant's conduct while in jail or any degrees that he or she has obtained while in jail, more limits the exercise of discretion in that respect. And does the First Step Act suggest that we need to limit discretion? The First Step Act, because the vehicle by which we apply the First Step Act explicitly says, to the extent otherwise expressly permitted by statute or by Rule 35, here the First Step Act is the statute. And it only says, may impose or reduce sentence as if Section 2 or 3 of the FSA were in effect at the time of the covered at the time the covered offense was committed. It doesn't say anything about any other laws. And so to read into that ---- Breyer. No, but it also doesn't say anything about facts. I guess that's what I'm trying to think. If you're taking 3582 C-1B's language, the expressly language, as literally as possible, and you're saying the only thing one can change is the statutory penalties that apply by virtue of the amendments to the Fair Sentencing Act, that's the only thing. Doesn't that box out all other changes in the law and all changes in fact? That's why I'm asking, why is it that different facts are somehow, which the First Step Act doesn't mention, how is it that you're conceding that those can be considered if expressly really is this tight limit that you think it is? Because the First Step Act then in the next section explicitly says nothing in this pursuant to this section, which all the courts that have considered that have said that is essentially telling the district court to exercise its discretion. And the framework that every court is familiar with and has approved as the framework for how to exercise that discretion is 3553A, which does take into account both the history and characteristics of the defendant leading up to his original sentence and what happened thereafter. Otherwise, to ask the district courts to kind of invent their own or new framework for how they're going to decide whether a reduction is warranted or not will, again, create mayhem and disparate results. So I think applying a framework that the sentencing courts are familiar with is what the government believes is best practice. What would have happened if someone had mentioned Townsend at the resentencing? Our position would be that the court can consider that, but not in calculating the guidelines. The court can consider the fact that the district court can consider Townsend now. So why shouldn't we remand and say in deciding where to go between 151 and 188, the district court can consider Townsend now? I mean, if I were the sentencing judge and I messed up and missed a controlling Second Circuit case, I might very much want a second crack at it. But there was no legal error here. So the district court didn't miss a Second Circuit. Well, there's no legal error because the argument is that Townsend could not be considered. I thought a moment ago you said that it could be considered. The fact that no one mentioned it. I mean, I assume that wasn't a tactical decision, that people just didn't think about it. And shouldn't the district court get another chance at this knowing that, in fact, under then-current law, he was no longer a career offender? That might have affected whether she went below 188, right? So what I'm saying, the district court can consider it. It's not in calculating the Guidelines range. Now, I understand that. But in where to be within the range of 151 to 188, might it have made a difference to her if she had known that under the law, as it had evolved, he was no longer a career criminal? It might not have, but it might have. But that fact was never raised before her. And because it's a fact, a 3553a fact that is on the defense or the government to put before the court, it is not a method of calculating the Guidelines range. That's therefore waived. She didn't err in not considering something that was never put in front of her, just like in considering any kind of ---- Well, unless it was plain error. I mean, if Townsend did apply, it would be a fairly significant mistake. If Townsend did apply to the Guidelines range, yes. But it does not. It is a factor just like the fact that he's obtained diplomas and had infractions while in jail, and the ---- it is a factor that the parties did not bring before the district court. Therefore, she cannot plainly err. It's also not something that this Court has clearly decided needs to be addressed by the district court at all. In fact, there are circuits, as I mentioned before, that say that that should not be considered at all. So just if I'm understanding your argument correctly on plain error, if this Court, say, last week, had held a district court must consider Townsend and, in fact, always recalculate the Guidelines when considering a first step back motion, you would agree that at this moment, a week later, that would be an obvious error. But if we had never held that and all these other courts have never held that, it's certainly not ---- whether it's an error or not, we don't reach, because if it is an error, it's certainly not obvious, because nobody's ever said that before. Okay. Roberts. Thank you. We'll hear the rebuttal. Just three very quick points. First of all, on this idea of 1B1.10 and 3582C2, it's not relevant here because this has nothing to do with the Guidelines, but the only relevance is that, you know, Congress and the Commission knows how to put in limits when it wants to. I mean, you know, 3582C2 motions, the 1B1.10, there's so many limits, none here. But for this idea that you need to use to abide by the statutory minimums as determined by the, you know, the 2010 law. Second is the harmlessness. You know, all of you have had a lot of experience in the district court, and, you know, what the Guidelines would be for someone standing before her now is a big consideration, even if it's not binding or even presumptive, it's a big consideration. But the message for district courts, then, is that you better do a full-scale, complete redo of the Guidelines. No, Your Honor. Why not? I mean, because it's — because if you don't, it's going to be — you're going to be accused of — Oh, I see. — plain error later, right? I — Your Honor, it's incumbent upon the parties and the probation office to have done that here. And — They have to do it. You know, Your Honor, so, yes, I would say that, Your Honor. So the final — it goes to my final point, which is, again, we're in the land of — this is — Congress, you know, essentially said, look, we're going to give these people a second chance. And we're not telling you exactly how to do it, but, you know, out of compassion, out of — as an act of grace, give these people another chance. But what you're — I know. I hear you. But what you're saying is that other chance means a full-scale resentencing, except maybe the defendant doesn't have to be there. Well, no, Your Honor, all I'm saying is — That seems to be the only distinction you've made, sir. Your Honor, I'm saying in this case. I represent this client. I know that, but we're setting a rule that's going to probably be applied for more than this case. In this case — What is the rule you want? I want — I want to — you know, I want what the — the act says, which is that the district judge must conduct a complete review of the motion on the merits. That's what it says. And this is extraordinary language. You know, it's not language I've come across in the statute. Yeah, but that just begs the question of what's — what's complete review. But it — No, that answer is not. That's just circular reason, right? I — Do as much as you're supposed to do. Okay. Now, our question is how much are you supposed to do? I understand, Your Honor. But I — respectively, it's just extraordinary language, the idea of complete review. We assume of a complete review of the motion on the merits, right? Let me ask you this. And so to say that, I think, adds additional — something more to it. Let me ask you this. Assuming that, you know, he was properly sentenced at the time under the law, given Townsend happened afterwards, isn't what you're really asking even more than, I think, a plenary resentencing? What you're really saying is that even assuming that his guideline range was right, you're supposed to then start calculating other guideline ranges that could apply or could have applied to him or could have applied to other similarly situated people sentenced at different points in time, then compare them to see whether you're creating disparities between them. It seems like you're asking for, you know, calculate his guideline range and various alternate guideline ranges that might have applied to him. And that's something we never have asked for in a plenary sentencing. We'll never demand, well, even if this isn't his guideline range, think of what his guideline ranges might have been and then compare them and then decide, you know, you can vary, you can do whatever you want. I mean, that's really — that's giving him even more than you would get in a plenary resentencing. That seems pretty extraordinary. All I'm asking for in this case is the district judge to sentence — to consider the motion with full awareness of the relevant circumstances. And, you know, this is — it's a little bit like counting angels on the heads of the pin, but when Townsend said that controlled substance doesn't, you know, criminal sale in the Fifth doesn't qualify as controlled substance, that's not just its current law. That's the correct law. So, in fact, he was actually sentenced under the wrong law. That's the metaphysics of it, right? That's how the Court thinks of it. When a court makes a decision interpreting a law, that's always the way it's been. So, in fact, he was wrongly sentenced. Not all guidelines amendments are this way, but that's how we're — we're taught by the Supreme Court to think about these — these new — new readings of statute. It's always been this way. So he kind of gets a little collateral review thrown in there, just — No. All we're asking is another look, Your Honor. And I would — again, this is a context in which the Court should err on the side of — of just giving the guy another shot. It could come out to nothing. We acknowledge that. Thank you. Thank you, Your Honor. We'll reserve decision. The final case is on submission. Accordingly, I'll ask the deputy to adjourn. Thank you.